UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
LEOPOLDIO CHACON,
    Debtor.                     No. 13-09-10449 SR

GLENNIS DORRIS, an individual,
Plaintiff, By and Through her
Guardian, LAVELYA DORRIS

v.                                   Adv. No. 09-1068 S

LEOPOLDIO CHACON,
    Defendant.

**MEMORANDUM OPINION RELATING TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

      This matter is before the Court on Plaintiff's Motion for
Summary Judgment ("Motion") and Memorandum in Support (docs 26,
27) on Plaintiff's First Amended Complaint (doc 23) and
Defendant's Partial Objection thereto with Memorandum in Support
(docs 31, 32) and Plaintiff's Reply Memorandum (doc 38).
Plaintiff appears through her attorney F. Shaun Burns.  Defendant
appears through his attorney Wesley O. Pool.  This is a core
proceeding to determine the dischargeability of a debt.  28
U.S.C. § 157(b)(2)(I).  The Court will grant the Motion in part.

**HISTORY**

      A brief history derived from the undisputed facts will
provide context for the following discussion.  Plaintiff is a 61-
year-old female; she was 60 in June 2008 when Defendant sexually
assaulted her.  Fact 2.  Plaintiff has been mentally disabled
since birth and has the intelligence level of an 8-year old.
Fact 3.  This disability makes her extremely vulnerable to force

and coercion.  Id.  In addition, Plaintiff has been physically
handicapped since birth and is unable to bathe herself.  Fact 4.
Therefore she needs physical support and assistance in bathing
and personal hygiene.  Id.  In June 2008, when the sexual
assaults occurred, Defendant was employed by Interim Healthcare,
Inc. ("Interim") to provide healthcare services to Plaintiff.
Fact 6.   On August 29, 2008, the Curry County Deputy District
Attorney filed a two count criminal information against Defendant
charging two different instances of criminal sexual penetration
in the third degree contrary to Section 30-9-11(F)[1], NMSA 1978.

---

[1]Section 30-9-11 **Criminal sexual penetration** states, in
relevant part:
   A. Criminal sexual penetration is the unlawful and
   intentional causing of a person to engage in sexual
   intercourse, cunnilingus, fellatio or anal intercourse
   or the causing of penetration, to any extent and with
   any object, of the genital or anal openings of another,
   whether or not there is any emission.
   ...
   F. Criminal sexual penetration in the third degree
   consists of all criminal sexual penetration perpetrated
   through the use of force or coercion not otherwise
   specified in this section.

   Whoever commits criminal sexual penetration in the
   third degree is guilty of a third degree felony.

   "Unlawful" is defined in New Mexico's Uniform Jury
Instruction as:
   For the act to have been unlawful it must have been
   done [without consent and]
   [with the intent to arouse or gratify sexual desire]
   [or]
   [to intrude upon the bodily integrity or personal
   safety of (name of victim)]
   [or]

                                        (continued...)

Case 09-01068-t    Doc 39    Filed 10/01/10    Entered 10/01/10 11:14:39 Page 2 of 24

Fact 7; Doc 37-1.  These actions constitute third degree felonies.  Id.  On January 6, 2009, the State of New Mexico and Defendant entered into a Plea and Disposition Agreement, pursuant to which Defendant would plead guilty to one count of Criminal Sexual Contact "in the third degree" contrary to Section 30-9-11(F), NMSA 1978 [sic[2]] in exchange for a sentence of three years (to be suspended in favor of three years of supervised probation), and a dismissal of the second count.  Facts 8, 9; Doc 37-2.  The State District Court Judge approved the Plea and Disposition Agreement on March 10, 2009.  Id.  Also on March 10,

---

[1](...continued)
[other unlawful purpose].
NMRA, Crim. UJI 14-132.  The "Use Notes" state that if the "without consent" instruction is given, one of the three alternatives that follows must be given.  Or, one or more of the three alternatives can be given without the "without consent" instruction.

[2]Criminal sexual contact is addressed in Section 30-9-12, NMSA 1978.  That section provides:
> A. Criminal sexual contact is the unlawful and intentional touching of or application of force, without consent, to the unclothed intimate parts of another who has reached his eighteenth birthday, or intentionally causing another who has reached his eighteenth birthday to touch one's intimate parts.

The statute defines "Criminal sexual contact in the fourth degree", Section 30-9-12(C), but otherwise only states that "Criminal sexual contact is a misdemeanor when perpetrated with the use of force or coercion," Section 30-9-12(D). It does not define or even use the words "Criminal sexual contact in the third degree."  Compare Section 30-9-13(C), NMSA 1978 ("Criminal sexual contact of a minor in the third degree consists of all criminal sexual contact of a minor perpetrated:...")  The only reported New Mexico cases that discuss criminal sexual contact in the third degree involve minors.

2009, the State Court entered a "Judgment, Sentence and Order Suspending Sentence" in conformity with the Plea and Disposition Agreement. Doc 37-3. A certified transcript of the March 10, 2009 sentencing hearing is attached to the affidavit of the State Court Reporter. Fact 11; Doc 29-1. In the hearing, the State District Court Judge convicted Defendant of Criminal Sexual Contact in the Third Degree, "reduced" from Criminal Sexual Penetration a Third Degree felony. Id., pp. 5-6; Fact 16. After questioning the Defendant about his history, educational background and work history, the Judge commented:

> This is an egregious act. It is a violation of a person's bodily sanctity. It is a betrayal. We have a person who has special needs who has been placed in the responsibility of someone who is giving her care and he has betrayed that trust. That makes it particular[ly] egregious.

Id., p. 11; Fact 18.

Defendant filed for Chapter 13 relief on February 9, 2009. On March 10, 2009, Plaintiff, who had not yet received notice of the bankruptcy, filed an eight count complaint in the Ninth Judicial District Court, Curry County, New Mexico as case D-0905-CV-02009-00152 (the "State Case.") The State Case names Defendant, Interim, and John Does and Jane Does 1-50 (doc 37-5).

Counts 1, 2, 3 and 4 are against the Defendant only and allege, respectively, battery, assault, intentional infliction of emotional distress and personal injury . Counts 5, 6, 7 and 8

Page -4-

are against Interim only and allege, respectively, negligence, negligent entrustment, negligence per se and gross negligence.

**THE ADVERSARY PROCEEDING**

Plaintiff's First Amended Complaint filed in this adversary proceeding (hereafter "Complaint") contains four counts seeking to declare nondischargeable under 11 U.S.C. § 1328(a)(4)[3] claims for 1) Battery, 2) Assault, 3) Intentional Infliction of Emotional Distress, and 4) [Willful and Malicious] Personal Injury. It also seeks relief from the automatic stay to allow Plaintiff to prove and liquidate her claims in state court. Alternatively, it asks the Bankruptcy Court[4] to determine her

---

[3]11 U.S.C. § 1328(a) provides, in part:
[A]s soon as practicable after completion by the debtor of all payments under the plan, ... unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt--
...
(4) for restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual.

[4]28 U.S.C. § 157(b)(5) states:
The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

"Most courts interpret this provision to mean that all personal injury tort claims are not within the subject matter jurisdiction
(continued...)

Page -5-

damages, including punitive and exemplary damages, costs of suit, and attorney fees[5].

Defendant denied substantially every allegation in his Answer.  He admitted only: Plaintiff's name, address and age, and the address of her Guardian; his name and address, his former employment with Interim, and the filing of a criminal case against him.  He also admitted filing his Chapter 13 case.  In his answer he also sought attorney fees, claiming that Plaintiff's case was not substantially justified[6].

---

[4](...continued)
of a bankruptcy court and must be tried in the district court." Elkes Development, LLC v. Arnold (In re Arnold), 407 B.R. 849, 851 (Bankr. M.D. N.C. 2009)(Collecting cases.)  This Court agrees, and will therefore not try Plaintiff's damage claims.

[5]"The generally applicable 'American Rule' is that absent a contractual or statutory provision to the contrary, a prevailing party is not entitled to recover attorney fees from the losing party. [Sanner v. Poli (In re] Poli[)], 298 [B.R. 557,] at 563 [(Bankr. E.D. Va. 2003)].  See generally Buckhannon Bd. and Care Home, Inc. v. West Virginia, 532 U.S. 598, 602 (2001)." McCabe v. Harmes (In re Harmes), 423 B.R. 678, 682 n. 3 (Bankr. D. N.M. 2010).  Plaintiff's claim in this case is based on intentional tort and Plaintiff has not cited any applicable statute or rule that would allow an award of attorney's fees.

[6]Defendant is obviously relying on 11 U.S.C. § 523(d) which states:

> If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

(continued...)

Page -6-

**THE MOTION FOR SUMMARY JUDGMENT**

Plaintiff's Memorandum in Support contains a Statement of Undisputed Facts, as required by NM LBR 7056-1 (1996)[7]. Defendant's Partial Objection does not specifically contest any proposed fact. Therefore, all material facts set forth in Plaintiff's statement are "deemed admitted." NM LBR 7056-1 (1996).

Rather, Defendant's partial objections go to the legal theories behind Plaintiff's complaint. On March 25, 2010 the Court entered an Order resulting from pretrial conference ("Order") that established deadlines for filing Motions for Summary Judgment (doc 25). It also ruled: "If the Bankruptcy Court finds that any of Plaintiff's claims against Defendant are nondischargeable, the determination and liquidation of damages

---

[6](...continued)
Section 523(d)'s text limits relief to 523(a)(2) cases, however. Chapter 13 contains no parallel provision that awards a debtor costs and fees for a creditor's unsuccessful challenge to dischargeability of restitution or damages for personal injury under 11 U.S.C. § 1328(a)(4). "[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." Russello v. United States, 464 U.S. 16, 23 (1983)(Citing United States v. Wong Kim Bo, 472 F.2d 720, 722 (5th Cir. 1972).) The Court therefore presumes that Congress intended that Section 1328(a)(4) would not contain a fee-shifting remedy. Defendant's claim for fees and costs must be denied.

[7]This motion for summary judgment was filed before the August 2, 2010 effective date for the new local rules. The Court will apply the rule in force when the motion was filed. But, NM LBR 7056-1 (2010) is substantively identical to the 1996 rule.

Case 09-01068-t    Doc 39    Filed 10/01/10    Entered 10/01/10 11:14:39 Page 7 of 24

shall be referred to the District Court for the Ninth Judicial

District, Curry County, New Mexico."

Plaintiff's Motion, (doc 26, p. 2) refers to the Order:

> Pursuant to that Order, Plaintiff requests that this
> Court find that <u>all of Plaintiff's claims</u> against
> CHACON are nondischargeable, and that the District
> Court for the Ninth Judicial District shall have full
> authority to liquidate, adjudicate, enforce and
> otherwise deal with Plaintiff's claims against CHACON
> asserted in that court.

(Emphasis added.)

Defendant claims that Plaintiff's Motion is overbroad in

that it seeks to hold <u>all</u> of Plaintiff's claims against Defendant

nondischargeable (doc 31, ¶ 1). Specifically, he argues that the

State Case complaint refers four times to an alleged fiduciary

relationship between Plaintiff and Defendant and that it also

refers four times to Defendants allegedly "grossly negligent"

conduct. <u>See</u> Doc 31, ¶ 4. Defendant does not dispute that any

claims proven against him based on theories of battery, assault,

intentional infliction of emotional distress or willful or

malicious personal injury would be nondischargeable[8]. <u>Id.</u>, ¶ 3.

But he argues that any claims based on a breach of fiduciary duty

or negligence cannot be held nondischargeable under 11 U.S.C. §

1328(a)(4). As an initial note, the Court finds that Plaintiff

---

[8]Because Defendant admits that any claims based on battery,
assault, intentional infliction of emotional distress, or
personal injury would be nondischargeable, the Court will not
address those further.

has four and only four counts against Defendant in the State Case; she did not raise breach of fiduciary duty or negligence as separate counts.

## 1.  **Breach of Fiduciary Duties**

Defendant is correct that 11 U.S.C. § 1328(a)(4) does not apply to the same situation as does § 523(a)(4)[9] either by reference to it or by listing its elements.  It holds nondischargeable only restitution or debts from "willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual."  There is no exception to Section 1328 that denies discharge of debts for a breach of fiduciary duty[10].  Therefore, even if Plaintiff could establish a breach of fiduciary duty claim on the above facts[11] in the State

_____

[9]11 U.S.C. § 523(a)(4) provides: "A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt– ... for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny[.]" It does not apply in the instant case because Defendant has not sought a "hardship discharge" under 1328(b)(8).

[10]Compare 11 U.S.C. § 523(a)(6)(declaring debts for willful and malicious injury by the debtor to an entity of an entity's property).  This section does not apply in Chapter 13 cases. One-on-One Fitness Personal Training Service, Inc. v. Reyes (In re Reyes), 2010 WL 2757180 at *5 (Bankr. N.D. Ill. 2010).

[11]Which Plaintiff, without more, currently cannot do.  See Fowler Bros. v. Young (In re Young), 91 F.3d 1367, 1371-72 (10th Cir. 1996):
> The existence of a fiduciary relationship under §
> 523(a)(4) is determined under federal law.  However,
> state law is relevant to this inquiry.  Under this
> circuit's federal bankruptcy case law, to find that a
> (continued...)

Case 09-01068-t    Doc 39    Filed 10/01/10    Entered 10/01/10 11:14:39 Page 9 of 24

[11](...continued)
fiduciary relationship existed under § 523(a)(4), the
court must find that the money or property on which the
debt at issue was based was entrusted to the debtor.
Thus, an express or technical trust must be present for
a fiduciary relationship to exist under § 523(a)(4).
**Neither a general fiduciary duty of confidence, trust,
loyalty, and good faith, nor an inequality between the
parties' knowledge or bargaining power, is sufficient
to establish a fiduciary relationship for purposes of
dischargeability.** Further, the fiduciary relationship
must be shown to exist prior to the creation of the
debt in controversy.

(Citations omitted; emphasis added.) <u>Accord</u> <u>McDowell v. Stein
(In re McDowell)</u>, 415 B.R. 584, 595 (S.D. Fla. 2009)("[T]he fact
that a relationship is fiduciary under state law does not
necessarily mean that it is a fiduciary relationship within the
meaning of § 523(a)(4).") Actually, New Mexico courts frequently
find fiduciary relationships based on only equitable notions of
proper behavior in certain situations. <u>See</u> <u>Moody v. Stribling</u>,
1999-NMCA-094 at {27}, 127 N.M. 630, 638, 985 P.2d 1210, 1218
(Ct. App.), <u>cert. denied</u>, 127 N.M. 389, 981 P.2d 1207 (1999)("A
fiduciary duty is a duty of loyalty.")(citing <u>In re Estate of
McKim</u>, 111 N.M. 517, 522, 807 P.2d 215, 220 (1991) and <u>Trujillo
v. Puro</u>, 101 N.M. 408, 411, 683 P.2d 963, 966 (Ct. App.), <u>cert.
denied</u>, 101 N.M. 362, 683 P.2d 44 (1984)). And, the New Mexico
courts have used the term "fiduciary" to describe general
fiduciary duties of trust or responsibility. In <u>Calahan v. New
Mexico Federation of Teachers-TVI</u>, the New Mexico Supreme Court
admitted that its previous use of the term "fiduciary capacity"
in <u>Jones v. Int'l Union of Operating Engineers</u>, 72 N.M. 322, 329,
383 P.2d 571, 576 (1963) was really meant to refer only to a
union's duty to represent union members under a collective
bargaining agreement, not to state that the union had any actual
recognized fiduciary duty. <u>Calahan</u>, 2006-NMSC-010 at {17}, 139
N.M. 201, 207, 131 P.3d 51, 57 (2006). "The intent in using such
language was and remains an explanation as to why we recognize a
cause of action by a union member against the union for breach of
the duty of fair representation." <u>Id.</u> As a further example of
the distinction between state concepts of fiduciary duty and
bankruptcy fiduciary duty, <u>compare</u> <u>Walta v. Gallegos Law Firm,
P.C.</u>, 2002-NMCA-015 at {38} n.2, 131 N.M. 544, 552 n.2, 40 P.3d
449, 457 n.2 (Ct. App. 2001), <u>cert. denied</u>, 131 N.M. 619, 41 P.3d
345 (2002)(In New Mexico, partners have both statutory and common
(continued...)

Case 09-01068-t   Doc 39   Filed 10/01/10   Entered 10/01/10 11:14:39 Page 10 of 24

Case, any damages would be discharged if Defendant were to complete his Chapter 13 plan. Therefore Defendant argues that this Court should order Plaintiff to refrain from referring to any fiduciary type duties at trial in the State Case. The Court declines to so order for the following reasons.

Plaintiff seeks punitive damages in the State Case. In Green Tree Acceptance, Inc. v. Layton, 108 N.M. 171, 769 P.2d 84 (1989), the New Mexico Supreme Court discussed when punitive damages are allowable.

> Punitive damages may be awarded only when the wrongdoer's conduct may be said to be "maliciously intentional, fraudulent, oppressive, or committed recklessly or with a wanton disregard of the plaintiffs' rights." Hood v. Fulkerson, 102 N.M. 677, 699 P.2d 608 (1985) (quoting Loucks v. Albuquerque Nat'l Bank, 76 N.M. 735, 747, 418 P.2d 191, 199 (1966)). These words are to be taken as used in the disjunctive. See Bank of New Mexico v. Rice, 78 N.M. 170, 180, 429 P.2d 368, 378 (1967), appeal after remand, 79 N.M. 115, 440 P.2d 790 (1968); see also Curtiss v. Aetna Life Ins. Co., 90 N.M. 105, 108, 560 P.2d 169, 172 (Ct. App.), cert. denied, 90 N.M. 7, 558 P.2d 619 (1976). Punitive damages are to be awarded when actual or nominal damages are inadequate to satisfy the wrong committed. Montoya v. Moore, 77 N.M. 326, 330-31, 422 P.2d 363, 366 (1967). Punitive damages do not have to be in reasonable proportion to

---

[11](...continued)
law fiduciary duties to each other.) with Holaday v. Seay (In re Seay), 215 B.R. 780, 787 (10th Cir. BAP 1997)("Even though the Oklahoma state courts may approve of a general policy that creates a fiduciary duty between joint venturers, this policy is not sufficient to fulfill the Tenth Circuit's requirements of a common law trust for purposes of § 523(a)(4).") It thus should be clear that what New Mexico courts are referring to when they find "fiduciary duty" can often just be a heightened duty of good faith.

Case 09-01068-t    Doc 39    Filed 10/01/10    Entered 10/01/10 11:14:39 Page 11 of 24

the actual damages, but they must not be so unrelated
to the injury as to plainly manifest passion and
prejudice rather than reason and justice.  <u>Faubion v.</u>
<u>Tucker</u>, 58 N.M. 303, 307, 270 P.2d 713, 716 (1954).
**Factors to be weighed in assessing punitive damages are
the enormity and nature of the wrong and any
aggravating circumstances.**  <u>See</u> <u>Sweitzer v. Sanchez</u>, 80
N.M. 408, 412, 456 P.2d 882, 886 (Ct. App. 1969).
Finally,

> Where a party prays for an award of punitive
> damages and the evidence is sufficient to permit
> the issue of punitive damages to be considered by
> the jury, the amount of such damages is left to
> the sound discretion of the jury based on the
> nature of the wrong, the circumstances of each
> case, and any aggravating or mitigating
> circumstances as may be shown.

<u>Chavez-Rey v. Miller</u>, 99 N.M. 377, 379, 658 P.2d 452,
454 (Ct. App. 1982), <u>cert. denied</u>, 99 N.M. 358, 658
P.2d 433 (1983).

<u>Id.</u> at 174, 769 P.2d at 87 (Emphasis added.)

In 2001, the New Mexico Court of Appeals revisited the issue

of punitive damages in <u>Walta v. Gallegos Law Firm, P.C.</u>, 2002-

NMCA-015, 131 N.M. 554, 40 P.3d 449 (Ct. App. 2001), <u>cert.</u>

<u>denied</u>, 131 N.M. 619, 41 P.3d 345 (2002).  That court stated that

"a finding of a culpable mental state is necessary in order to

impose punitive damages."  <u>Id.</u> at {55}, 131 N.M. at 556, 40 P.3d

at 461.  Furthermore, "[t]here must be evidence of culpable

conduct beyond that necessary to establish the underlying cause

of action."  <u>Id.</u> at {56} (Citations omitted.)  The court found

that culpability of a defendant can and should be measured on a

continuum of reasonableness imposed in light of the defendant's

obligations.  <u>Id.</u> at {57}.  "The more stringent the standard of

conduct the more likely that breach of the standard will demonstrate a culpable mental state." <u>Id.</u> (Citation omitted.)

New Mexico law is in accord with that in other jurisdictions. <u>See</u>, <u>Owens v. Watson</u>, 806 S.W.2d 871, 875 (Ct. App. Tex. 1991)("Factors to be considered making this [punitive damage] determination are: 1) the nature of the wrong; 2) the character of the conduct involved; 3) the degree of culpability of the wrongdoer; 4) the situation and sensitivities of the parties involved; and 5) the extent to which the conduct offends a public sense of justice and propriety.")(Citation omitted.); <u>Paris v. Michael Kreitz, Jr. P.A.</u>, 75 N.C.App. 365, 373-74, 331 S.E.2d 234, 241 (Ct. App. 1985):

> The established law in North Carolina regarding the recovery of punitive damages in tort actions is that "the tortious conduct must be accompanied by or partake of some element of aggravation before punitive damages will be allowed." <u>Newton v. Insurance Co.</u>, 291 N.C. 105, 112, 229 S.E.2d 297, 301 (1976). ... When the tort necessarily involves intentional wrongdoing, as in fraud, punitive damages are appropriate when the actionable conduct is accompanied by "some element of aggravation." <u>Newton</u>, <u>supra</u> 291 N.C. at 112, 229 S.E.2d at 301. Aggravated conduct has been variously defined but in the context of an intentional tort usually consists of insult, indignity, malice, oppression, or bad motive in addition to the tort. <u>Oestreicher v. Stores</u>, 290 N.C. 118, 225 S.E.2d 797 (1976); <u>Swinton v. Realty Co.</u>, 236 N.C. 723, 73 S.E.2d 785 (1953); <u>Baker v. Winslow</u>, 184 N.C. 1, 113 S.E. 570 (1922).

<u>and</u> <u>Fowler v. Mantooth</u>, 683 S.W.2d 250, 252-53 (Ky. 1984):

> It is a rule of long standing in this Commonwealth that exemplary or punitive damages may be recovered in an assault and battery case in addition to punitive

Case 09-01068-t   Doc 39   Filed 10/01/10   Entered 10/01/10 11:14:39 Page 13 of 24

damages where the assault is willful, malicious and without justification.  <u>Shields Adm'rs v. Rowland</u>, 151 Ky. 136, 151 S.W. 408 (1912). ...

The threshold for the award of punitive damages is misconduct involving something more than merely commission of the tort.  The "something more" necessary in the present case was defined in the instructions as a finding "that the assault was willful, malicious, and without justification."  Malice may be implied from outrageous conduct, and need not be express so long as the conduct is sufficient to evidence conscious wrongdoing.  <u>Hensley v. Paul Miller Ford, Inc., Ky.</u>, 508 S.W.2d 759 (1974).  <u>Hensley</u> cites Prosser, Law of Torts § 2 (4th Ed. 1971), stating that punitive damages are "permitted" "[w]here the defendant's wrongdoing has been intentional and deliberate, and has the character of outrage."  <u>Id.</u> at 762.
...

Section 908 of the Restatement sets out the elements to be "properly" considered by "the trier of fact" in assessing punitive damages as including " the character of the defendant's act, [as well as] the nature and the extent of the harm to the plaintiff that the defendant caused or intended to cause."

Thus we recognize two elements involved in assessing punitive damages: (1) the nature and extent of the harm to the plaintiff, and (2) the character of the defendant's act. ... [T]he character of the act is a consideration of equal or greater importance [to the nature and extent of plaintiff's harm], depending on the case, in assessing punitive damages. The factors bearing on the character of the act include the degree of outrageousness, the extent of culpability, the motives of the wrongdoer, the relationship between the parties and the existence or absence of provocation. Restatement (Second) of Torts § 908 comment e (1977).

(Supreme Court holds that plaintiff's humiliation in being assaulted is a proper consideration in determining the character of the defendant's act.); <u>Alyeska Pipeline Service Co. v. O'Kelley</u>, 645 P.2d 767, 773-74 (Ak. 1982):

The mere fact that Alyeska may have committed an intentional tort did not, standing alone, obligate the trial court to give a punitive damages instruction.  By

their very nature, such damages turn on the wrongdoer's
motive, state of mind, and degree of culpability,
rather than the particular tort committed. K. Redden,
Punitive Damages s 4.2 (1980).  In <u>Bridges v. Alaska
Housing Authority</u>, 375 P.2d 696 (Alaska 1962), we noted
that punitive or "exemplary damages are those awarded
in excess of actual loss where the wrongdoer's conduct
can be characterized as outrageous, such as acts done
with malice or bad motives or reckless indifference to
the interests of another."  <u>Id.</u> at 702.  Malice need
not be express, but may be inferred from acts
evidencing a callous disregard for the rights of
others.  <u>Sturm, Ruger & Co., Inc. v. Day</u>, 594 P.2d 38,
46 (Alaska 1979).

(Footnote omitted.); <u>Shugar v. Guill</u>, 51 N.C.App. 466, 472-73,

277 S.E.2d 126, 131 (Ct.App.), <u>aff'd as modified</u>, 304 N.C. 332,

283 S.E.2d 507 (1981):

    Punitive damages, on the other hand, are not
awarded as compensation, but they are awarded above and
beyond actual damages in proper instances as punishment
when it appears that the wrongful act was done
maliciously, willfully, wantonly, or in reckless
disregard of the plaintiff's rights.  <u>Hardy v. Toler</u>,
288 N.C. 303, 218 S.E.2d 342 (1975); <u>Cavin's Inc. v.
Insurance Co.</u>, 27 N.C.App. 698, 220 S.E.2d 403 (1975).
Punitive damages arise out of the acts or intentions of
the tort-feasor which contain any of the elements of
aggravation.  Punitive damages do not arise
automatically from the commission of the tort, but
rather they arise from one of the aggravating factors
extraneous to the tort.  If facts merely necessary to
apprise the defendant of the wrongdoing with which the
plaintiff's complaint charges him are all that are
pleaded, this will not provide the defendant with the
notice to which he is entitled to prepare a responsive
pleading or prepare for trial on the issue of punitive
damages.  Defendant is entitled to some notice from
plaintiff's complaint of the extraneous facts from
which plaintiff's claim for punitive damages arise.
Therefore, we think that under the present system of
"notice pleading" plaintiff must do more than make the
conclusory allegation that, "defendant, without just
cause, did intentionally, willfully and maliciously
assault and batter the plaintiff."  Plaintiff must

Page -15-

allege some facts in his complaint tending to establish
one or more of the aggravating factors in order to
recover punitive damages.

and DiGiovanni v. Pessel, 55 N.J. 188, 191, 260 A.2d 510, 511-12

(1970)("An act to give rise to punitive damages must be actuated

by (1) actual malice, which is nothing more or less than

intentional wrongdoing – an evil-minded act, or (2) an act

accompanied by wanton and wilful disregard of the rights of

another.")(Citation and internal punctuation omitted.)

Finally, the Restatement (Second) of Torts § 908 (1979)

discusses the issue of punitive damages:

> (1) Punitive damages are damages, other than
> compensatory or nominal damages, awarded against a
> person to punish him for his outrageous conduct and to
> deter him and others like him from similar conduct in
> the future.
>
> (2) Punitive damages may be awarded for conduct that is
> outrageous, because of the defendant's evil motive or
> his reckless indifference to the rights of others. In
> assessing punitive damages, the trier of fact can
> properly consider the character of the defendant's act,
> the nature and extent of the harm to the plaintiff that
> the defendant caused or intended to cause and the
> wealth of the defendant.

And see, id. cmt. b:

> Character of defendant's conduct.  Since the purpose of
> punitive damages is not compensation of the plaintiff
> but punishment of the defendant and deterrence, these
> damages can be awarded only for conduct for which this
> remedy is appropriate—which is to say, conduct
> involving some element of outrage similar to that
> usually found in crime.  The conduct must be
> outrageous, either because the defendant's acts are
> done with an evil motive or because they are done with
> reckless indifference to the rights of others. ...
> Reckless indifference to the rights of others and

Page  -16-

conscious action in deliberate disregard of them (see §
500) may provide the necessary state of mind to justify
punitive damages.

The discussion above regarding punitive damages warrants a
few observations.  To succeed in a punitive damage claim, a
plaintiff must prove more than just the tort; plaintiff must also
prove "something more" that demonstrates that the defendant acted
with an evil intent, malice, or a total disregard of the expected
impact of their actions.  In other words, plaintiff must prove
aggravated circumstances.  Under New Mexico law, one factor in
determining aggravating circumstances is the defendant's duties
toward the plaintiff.  <u>Walta</u>, 2002-NMCA-015 at {57}, 131 N.M. at
556, 40 P.3d at 461.

Therefore, for a jury to be able to make an informed
decision on punitive damage availability, it will need to know
the facts and circumstances surrounding Plaintiff's relationship
with Defendant.  The Court does not know if the New Mexico courts
would find a higher standard or even fiduciary duty running from
a home-healthcare worker to his patient, but Plaintiff should at
least be allowed to argue this issue in the State Case.[12]

## 2.    <u>Gross Negligence</u>

---

[12] The "instructions" contained in this memorandum opinion
are directed to the parties, and certainly not to the State Court
judge who will preside over the trial.  That judge of course is
in charge of her or his own courtroom and the proceedings
therein.

The Defendant pled guilty to a crime that has intent as one
of its elements. "Criminal sexual contact is the unlawful and
intentional touching of or application of force, without consent,
to the unclothed intimate parts of another who has reached his
eighteenth birthday..." Section 30-9-12(A), NMSA 1978. A
conviction or plea to a crime of intent is preclusive of intent
in bankruptcy dischargeability proceedings. See <u>T.K., a minor,</u>
<u>by D.M., as next friend v. Love (In re Love)</u>, 347 B.R. 362, 367
(Bankr. W.D. Mo. 2006)("[I]ntent to harm is established as a
result of Debtor's conviction because, given the nature of the
crime, the conviction either establishes that the Debtor knew
that his conduct was certain or almost certain to cause harm or
permits the Court to infer harm as a matter of law.")(Santa
Claus's sexual misconduct with young girl.); <u>Gray v. Gray (In re</u>
<u>Gray)</u>, 322 B.R. 682, 694 (Bankr. N.D. Ala. 2005)("Because a
guilty plea is an admission of all the elements of the offense
charged, and Defendant's crime [second degree assault] requires
intent to cause serious physical injury, Defendant is estopped
from denying that he had specific intent to cause injury to his
daughter.")(Citation and internal punctuation omitted.); <u>American</u>
<u>National Bank and Trust Co. of Chicago v. Cooper (In re Cooper)</u>,
125 B.R. 777, 780 (Bankr. N.D. Ill. 1991)(Debtor's guilty plea to
larceny resulted in nondischargeable debt.); <u>Coleman v. Baker (In</u>
<u>re Baker)</u>, 108 B.R. 663, 665 (Bankr. S.D. Ill. 1990)(Debtor's

Case 09-01068-t   Doc 39   Filed 10/01/10   Entered 10/01/10 11:14:39 Page 18 of 24

guilty plea to battery satisfied intent requirements of Section 523(a)(6).)  See also, generally Restatement (Second) of Judgments § 85 cmt. b (1982)("A defendant who pleads guilty may be held to be estopped in subsequent civil litigation from contesting facts representing the elements of the offense.")

Therefore, Defendant is precluded from arguing that his actions were other than intentional.  Defendant was not grossly negligent.  Therefore, it would not really be relevant if Plaintiff mentioned gross negligence in the State Case.  (Her causes of action against co-defendant Interim are all based on negligence.)  The parties should just ensure that any jury instructions in the State Case do not suggest the possibility of a punitive damage award based on negligence.  See NMRA, Civ. UJI 13-1827, Committee Commentary ("Following the decision in Paiz [v. State Farm Fire & Casualty Co., 118 N.M. 203, 213, 880 P.2d 300, 310 (1994)], the committee recommended that gross negligence be removed as a basis for punitive damages in both contract and tort cases.  This recommendation was adopted by the New Mexico Supreme Court in 1998."  Therefore, the Uniform New Mexico jury instruction for punitive damages does not refer to negligence.)

3.  **Stay Relief**

Plaintiff requests that the automatic stay be modified to allow her to proceed in the State Case.  This was the result

anticipated at the initial pretrial conference in this case, and the Court will so order.

Two reasons dictate that decision. First, the State Court is prepared to complete the litigation, and to do so at least as quickly as it can be completed in this Court. Second, if a federal court is to determine liability and damages on these sexual assault claims (as opposed to the sole issue of dischargeability), the adjudication must be by the United States District Court rather than this Court.

> The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending....

28 U.S.C. § 157(b)(5). See, for example, Leatham v. Von Volkmar (In re Von Valkmar), 217 B.R. 561, 565 (Bankr. N.D. Ill. 1998) (in adversary proceeding concerning dischargeability of personal injury claim, bankruptcy court had no jurisdiction to adjudicate liability and liquidate damages); Schachter v. Fall (In re Fall), 192 B.R. 16, 18 (Bankr. D. N.H. 1995) (bankruptcy court took no evidence concerning damages and adjudicated only the discharge issue).

In fact, the request for stay relief in some ways is the core of the matter in this Court. It is most often the case that a dischargeability action is either brought to this Court after the civil litigation has taken place in order for the Court to adjudicate the dischargeability aspect of any judgment already

Case 09-01068-t   Doc 39   Filed 10/01/10   Entered 10/01/10 11:14:39 Page 20 of 24

entered in another forum[13], or is brought originally in this
Court for a determination of nondischargeable liability and
damages.  In this instance a personal injury tort action had been
initiated in State Court, was interrupted by the chapter 13
filing and is now followed by this nondischargeability adversary
proceeding.  A number of courts have addressed this circumstance
and come up with the same solution: permit the liability and
damages issues to be determined either in the state court or the
U.S. district court, and then have the parties return to the
bankruptcy court as needed for an adjudication of the
dischargeability issue.  E.g., Doe v. Martinez (In re Martinez),
2010 WL 3075282 (D.N.M.) at *3 (district court withdraws
reference to bankruptcy court and then stays action to permit
state court to adjudicate liability and damages on personal
injury claims, with matter later to be referred back to the
bankruptcy court for dischargeability adjudication); In re
Nifong, 2008 WL 2203149 (Bankr. M.D.N.C.) at *4 (stay modified to
permit adjudication of Duke University lacrosse player's personal
injury claims against former prosecutor in U.S. district court;
dischargeability adversary proceeding stayed); Tidwell v. Smith
(In re Smith), 379 B.R. 315, 330-31 (Bankr. N.D. Ill. 2007)

---

[13] See Grogan v. Garner,498 U.S. 279, 284 n. 11 (1991)
(doctrine of collateral estoppel or issue preclusion may be
invoked to eliminate need for retrial of merits in bankruptcy
court).

(plaintiffs to prosecute sexual assault claims in state court and return to bankruptcy court for adjudication of dischargeability issue); <u>Rizzo v. Passialis (In re Passialis)</u>, 292 B.R. 346, 348 (Bankr. N.D. Ill. 2003) (in dischargeability action, plaintiff permitted to move to withdraw the reference so district court could adjudicate slander claim); <u>Roberts v. Goidel (In re Goidel)</u>, 150 B.R. 885, 888 (Bankr. S.D.N.Y. 1993) (in dischargeability action, bankruptcy court abstained until state court adjudicated defamation action).  Therefore this Court will modify the automatic stay so that the parties can complete the adjudication of the liability and damages issues.

Because of the parties' disputes about aspects of the State Court case (detailed above), it is easily conceivable if not likely that following the conclusion of the State Court case, at least one of the parties will ask this Court to clarify further what is dischargeable in the judgment and what is not.  In order to minimize that possibility, the Court suggests that the parties attempt to ensure that any verdict is clear with respect to the standards of nondischargeability.  For example, they might consider (subject of course to the discretion of the State Court judge) special interrogatories to the jury, carefully crafted

jury instructions on subjects such as "fiduciary", and the precise basis for the award of any punitive damages.[14]

## CONCLUSION

The Court finds that any damages (plus any related punitive damages arising from the same actions complained of) awarded in

---

[14]If a creditor's claim for compensatory and punitive damages both arise from a debtor's willful and malicious conduct, both are excepted from discharge.

The Plaintiffs State court judgment against the Defendant can be divided into three parts: compensatory damages, punitive damages, and attorneys' fees and costs. The fact that the Plaintiffs compensatory damages are nondischargeable is straightforward, since they arise directly from a willful and malicious injury caused the Debtor to another entity. See § 523(a)(6). Punitive damages, theoretically, go beyond the injury caused by the Debtor for his willful and malicious act. See Ramsey v. Bernstein (In re Bernstein), 197 B.R. 475 (Bankr. D. Md. 1996). However, "when punitive damages spring from the same conduct giving rise to nondischargeable compensatory damages, such punitive damages are also not dischargeable in bankruptcy." Id.; see also In re Miera, 926 F.2d 741, 745 (8th Cir. 1991); In re Adams, 761 F.2d 1422, 1427-28 (9th Cir. 1985). This is because "the punitive damages still arise from the 'willful and malicious injury by the debtor to another entity.' " Ramsey v. Bernstein (In re Bernstein), 197 B.R. 475 (Bankr. D. Md. 1996)(citing 11 U.S.C. § 523(a)(6).)

Merriex v. Beale (In re Beale), 253 B.R. 644, 651 (Bankr. D. Md. 2000). See also Britton v. Price (In re Britton), 950 F.2d 602, 606 (9th Cir. 1991)(Punitive damages related to willful and malicious injuries are nondischargeable under section 523(a)(6).) Compare Cohen v. De La Cruz, 523 U.S. 213, 220 and 221 (1998)(The term "debt for" is used throughout section 523 to mean "debt as a result of," "debt with respect to," "debt by reason of," and the like, which connotes broadly any liability arising from the specified object. Therefore, section 523(a)(2)(A) includes any liability arising from a debtor's fraudulent acquisition of money or property including an award of treble damages.)

Page -23-

Plaintiff's State Case, counts 1 through 4, represent nondischargeable debts under 11 U.S.C. § 1328(a)(4). Any damages exclusively for breach of fiduciary duty or negligence awarded in the State Case are dischargeable. The Court will not order Plaintiff to refrain from using the term fiduciary duty or negligence in the State Case, subject to the caution that an injudicious use of that term could result in significantly more litigation (and expense) in this Court. The Court also cautions that the burden of proof is and will remain with the Plaintiff to prove that any award is in fact nondischargeable if it is not clear from the verdict. The automatic stay will be modified in order to permit the State Case to go forward for a determination of liability and damages. The Court will also enter a separate order based on this memorandum.

Honorable James S. Starzynski
United States Bankruptcy Judge

Date Entered on Docket: October 1, 2010

Copies to:

F Shaun Burns
Burns Law Firm, PC
3914 Murphy Canyon Road
Suite A-218
San Diego, CA 92123-4423

Wesley O Pool
PO Box 410
Clovis, NM 88102-0410